UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TARIQ S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02591-SEB-TAB |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

## I. Introduction

Plaintiff Tariq S. challenges the Social Security Administration's denial of his application for disability insurance benefits. The Administrative Law Judge found Plaintiff suffered from severe impairments, including depressive disorder, mild intellectual disorder, and attention deficit hyperactivity disorder (ADHD). However, the ALJ ultimately concluded Plaintiff could perform a full range of work, with certain non-exertional limitations, despite his impairments. Plaintiff argues the ALJ relied on flawed hypothetical questions to the vocational expert indicating that he could maintain pace and concentrate for eight hours. While Plaintiff claims that he required additional limitations to account for his intellectual disability and ADHD, he points to no evidence in the record showing that he required additional limitations that the ALJ ignored or overlooked. Accordingly, for the reasons stated below, the Court should deny his request for remand. [Filing No. 12.]

## II. Background

On June 6, 2022, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning on October 10, 2021. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing and a supplemental hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found that Plaintiff engaged in substantial gainful activity during the following periods: October 1, 2022, through March 31, 2023; July 1 through December 31, 2023; and April 1 through June 30, 2024. However, the ALJ found there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity—July 1, 2024, through September 4, 2025 (the date of the ALJ's decision)—and the remainder of the ALJ's findings addressed that period. At step two, the ALJ determined that Plaintiff had severe impairments of depressive disorder, mild intellectual disability, and ADHD [Filing No. 9-2, at ECF p. 14.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform a full range of work, at all exertional levels, but with the following non-exertional limitations:

> [Plaintiff] can manage simple, routine tasks, with the ability to sustain the attention, concentration, persistence, and pace needed to complete those tasks; occasionally interact with the general public, but not in a customer service or transactional capacity; occasional interaction with supervisors and co-workers, but no

> collaborative work, such as group projects requiring frequent communication and cooperation with co-workers; and able to manage routine changes in the work environment.

[Filing No. 9-2, at ECF p. 18.]

At step four, the ALJ concluded that Plaintiff had no past relevant work. Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff could perform through his date last insured, including hospital cleaner, dishwasher, and industrial cleaner. [Filing No. 9-2, at ECF p. 24.] Accordingly, the ALJ concluded that Plaintiff was not disabled from October 10, 2021, through September 4, 2025.

**III. Discussion**

Plaintiff claims the ALJ relied on flawed hypothetical questions to the vocational expert indicating that he could maintain pace and concentrate for eight hours. The Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, 587 U.S. 97, 99, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The threshold for substantial evidence is not high." *Thorpe v. Bisignano*, 148 F. 4th 432, 437 (7th Cir. 2025) (internal citation and quotation marks omitted). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds

could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff claims that the ALJ should have assessed greater concentration and pace limitations from his severe impairments of intellectual disability and ADHD. Plaintiff argues that by finding Plaintiff has the ability to manage simple, routine tasks, with the ability to sustain the attention, concentration, persistence, and pace needed to complete those tasks, the ALJ has effectively found that he has no limitations in regard to attention or concentration. Plaintiff further argues that he would have had deficits in maintaining pace, based on his intellectual disability and ADHD. In support of these arguments, Plaintiff merely references the vocational expert's testimony that off task behavior of more than 5% or falling 10% below end of day goals even just one day a week would preclude work. [Filing No. 9-2, at ECF p. 57, 59-60.]

In relation to concentrating, persisting, and maintaining pace, the ALJ found Plaintiff had a moderate limitation. The ALJ noted Plaintiff's testimony that he had visual hallucinations, which occurred at odd times that he could not control, and difficulty controlling his reactions. The ALJ further noted that Plaintiff stated he gets off task easily, cannot stay in one spot, has difficulty paying attention, gets overwhelmed, and feels he cannot complete things. The ALJ also summarized Plaintiff's function report, which stated that Plaintiff followed written instructions "very well on good days" and spoken instructions "very well just as long as I'm not extremely tired." [Filing No. 9-2, at ECF p. 16.] In addition, Plaintiff reported he could pay attention for "however long if I'm well rested," but did not finish what he started. The ALJ noted that Plaintiff has been diagnosed with ADHD and at times, mental status examinations noted somewhat restless behavior, reported auditory hallucinations, paranoid thought content, circumstantial and rambling thought process, and disrupted concentration and limited fluency.

However, the ALJ noted that Plaintiff's mental examinations have also noted normal psychomotor activity, arousal, thought process, thought content, participation, effort, attentiveness, and persistence. In addition, Plaintiff's most recent mental status examination in the record noted no abnormal movements, logical thought process, normal thought content, good impulse control, and normal psychomotor activity.

The ALJ concluded:

> Overall, the objective medical evidence is neither supportive of nor consistent with disabling conditions or related symptoms, and greater limits than those in the adopted residual functional capacity are not warranted. Despite the claimant's depressive disorder, mild ID, and ADHD, he is able to perform a full range of work at all exertional levels. Due to mild ID and ADHD, he is limited to simple, routine tasks, with the ability to sustain the attention, concentration, persistence, and pace needed to complete those tasks, and routine changes in the work environment. Due to depressive disorder, he is limited to occasional interaction with the general public, but not in a customer service or transactional capacity; and occasional interaction with supervisors and co-workers, but no collaborative work, such as group projects requiring frequent communication and cooperation with co-workers.

[Filing No. 9-2, at ECF p. 22.]

Plaintiff's argument amounts to an improper request for the Court to reweigh the evidence. *See, e.g., Burmester*, 920 F.3d at 510. The ALJ's decision reflects proper consideration of the supportability and consistency of every medical opinion before the ALJ arrived at an RFC finding supported by the record as a whole. Plaintiff fails to show that the record compelled greater functional limitations than those assessed by the ALJ. Plaintiff does not suggest any greater or additional limitations are supported by the record that the ALJ should have included. *See, e.g., Dawn C. v. Kijakazi*, No. 1:22-cv-431-TWP-TAB, 2023 WL 2957401, at *5 (S.D. Ind. Jan. 5, 2023), *report and recommendation adopted sub nom., Dawn M. C. v. Kijakazi*, No. 1:22-cv-431-TWP-TAB, 2023 WL 2595545 (S.D. Ind. Mar. 22, 2023) ("Plaintiff still must identify an error that caused harm and explain how that harm justifies remand.").

As the ALJ noted, the record showed Plaintiff had minimal mental health treatment during the relevant period, with four total visits in 2023 and two in 2025. [Filing No. 9-2, at ECF p. 20.] The ALJ acknowledged that in 2023, examinations showed Plaintiff was restless, anxious, and had some paranoid thought processes with a sad mood and flat affect. However, providers also observed Plaintiff's cognition, insight, and judgment were normal; his speech was rambling yet logical; and he had sequential, relevant, thought processes during those examinations. [Filing No. 9-2, at ECF p. 21 (citing Filing No. 9-8 at ECF p. 20-21; Filing No. 9-9 at ECF p. 216-17).] Similarly, in 2025, providers noted Plaintiff had a sad and anxious mood, but was also cooperative and pleasant, had logical thought processes, and normal memory, orientation, judgment, and insight. [Filing No. 9-2, at ECF p. 21 (citing Filing No. 9-9, at ECF p. 382-83, 386-88).]

Plaintiff met with consultative psychological examiner Jared Outcalt, Ph.D. in April 2023. At that examination, Outcalt administered the WAIS-IV test, which measures cognitive and intellectual abilities. Outcalt assessed that Plaintiff's profile of scores showed overall intellectual ability within the extremely low range. Plaintiff's mental status exam showed concrete thought process, limited ability for calculation, disrupted concentration, limited fluency, mildly impaired immediate memory, limited ability for comparison and contrast, below average fund of knowledge, and poor ability for abstraction. However, Plaintiff's mental status exam was otherwise normal, and Outcalt observed that Plaintiff was engaged, remained attentive, and persisted well through each task presented. Overall, Outcalt opined that Plaintiff presented with difficulty being able to learn, remember, comprehend, and carry out tasks and instructions; could make appropriate judgments on simple work-related decisions; would struggle to manage routine changes and normal pressures in a work setting; and demonstrated the ability to interact

appropriately with others. [Filing No. 9-8, at ECF p. 12.] The ALJ acknowledged Outcalt's findings and specifically limited Plaintiff to simple, routine tasks, with the ability to sustain the attention, concentration, persistence, and pace needed to complete those tasks, and routine changes in the work environment in order to accommodate Plaintiff's mild intellectual disability and ADHD.

State agency psychologists reviewed the record in April and August 2023 and found Plaintiff could understand, carry out, and remember simple instructions; make judgments commensurate with the functions of simple, repetitive tasks; respond appropriately to brief supervision and work situations; and deal with changes in a routine workplace setting. [Filing No. 9-3, at ECF p. 27.] The ALJ found the state agency psychological consultants' and Dr. Outcalt's opinions persuasive because they were supported by citations to relevant evidence and contemporaneous mental status examination findings and IQ test results. In addition, they were consistent with the longitudinal medical evidence, particularly the minimal mental health treatment and Plaintiff's work activity during the relevant period. [Filing No. 9-2, at ECF p. 22.]

Ultimately, the ALJ found Plaintiff had limitations from his mental impairments, but remained capable of performing simple and routine tasks, with the ability to sustain the attention, concentration, persistence, and pace needed to complete those tasks, with minimal interaction with others. The RFC is supported by Plaintiff's own statements that he could follow instructions well, in addition to his treatment record that did not show ongoing mental health treatment or medical provider observations of memory or concentration deficits. The RFC was further supported by the findings of the state agency psychologists, as noted above. "And notably, it is 'unclear what kinds of work restrictions might address [Plaintiff's] limitations in concentration, persistence, or pace because he hypothesizes none.' " *Pavlicek v. Saul*, 994 F.3d 777, 784 (7th

Cir. 2021) (quoting *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019)). While Plaintiff claims the limitations included cannot fully account for his mental limitations, he fails to identify what additional limitations are supported by the record. Thus, the Court should decline his request to re-weigh the evidence.

## IV. Conclusion

For all these reasons, Plaintiff's request for remand [Filing No. 12] should be denied. Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 8/4/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email